UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTINE JONES                                          CIVIL ACTION

VERSUS                                                   NO. 15-6381

CAROLYN W. COLVIN, ACTING                                SECTION "I" (2)
COMMISSIONER OF SOCIAL SECURITY

**REPORT AND RECOMMENDATION**

Plaintiff, Christine Jones, on behalf of her minor son, A.T.J., seeks judicial review

pursuant to Section 405(g) of the Social Security Act (the "Act") of several decisions of

the Commissioner of the Social Security Administration (the "Commissioner"), reducing

the amount of A.T.J.'s supplemental security income benefits ("SSI") under Title XVI

of the Act and requiring plaintiff to repay past overpayments.  42 U.S.C. §§ 405(g),

1381a.  This matter was referred to a United States Magistrate Judge pursuant to 28

U.S.C. § 636(b) and Local Rule 73.2(B).

The Commissioner moved to dismiss this matter for lack of subject matter

jurisdiction, based on plaintiff's failure to exhaust her administrative remedies.  Record

Doc. No. 15.  Plaintiff, who is proceeding in this matter pro se, was ordered to respond

to defendant's motion in writing no later than September 13, 2016.  The order advised

Jones that failure to follow its requirements may result in a recommendation that the

motion be granted without a further hearing.  Record Doc. No. 17.  Plaintiff did not file

a response by the deadline.

I.     FACTUAL BACKGROUND

The Commissioner's motion is supported by the declaration under penalty of perjury of Cristina Prelle, Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, and relevant agency records attached to the declaration. Record Doc. No. 15-2 and attached exhibits 1 through 8. Prelle declares that Jones received a fully favorable decision on December 26, 2007, finding that A.T.J. had been under a disability since September 14, 1999.

Prelle's declaration and the attached exhibits reveal that the Commissioner notified Jones on August 31, 2013 that, as a result of and to recover past overpayments, A.T.J.'s monthly SSI payments would be reduced beginning in October 2013. Jones filed a request for waiver of overpayment recovery on July 25, 2015, which was denied on September 28, 2015.

On July 29, 2015, the Commissioner advised Jones that A.T.J.'s monthly benefits would be reduced beginning in September 2015 because A.T.J.'s other income (child support payments) had increased. The Commissioner notified Jones on September 4, 2015 that A.T.J.'s monthly benefits would increase beginning in October 2015 because his other income had decreased.

On November 10, 2015, the Commissioner sent two notices to Jones advising her that she had received $2,174.10 in overpayments between April 1, 2014 and August 1,

2015, in addition to the past overpayment of $5,753.80.  These notices stated that Jones

could ask for a waiver of the overpayment and/or for an appeal.  The Commissioner

informed Jones on November 30, 2015 that A.T.J.'s benefits payments would be reduced

again beginning in January 2016 because his other income had increased.

Each notice sent to Jones stated that she could appeal the adverse decision within

60 days and explained how to file a request for reconsideration.  She did not appeal any

of the decisions.  She filed the instant action on December 1, 2015.  Record Doc. No. 1.

II.     ANALYSIS

A.     Standards of Review

The Commissioner brings her motion to dismiss for lack of subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1), which requires dismissal of an action if the

court lacks jurisdiction over the subject matter of the plaintiff's claim.

> Lack of subject matter jurisdiction may be found in any one of three
> instances:  (1) the complaint alone; (2) the complaint supplemented by
> undisputed facts evidenced in the record; or (3) the complaint
> supplemented by undisputed facts plus the court's resolution of disputed
> facts.
>      The burden of proof for a Rule 12(b)(1) motion to dismiss is on the
> party asserting jurisdiction.  Accordingly, the plaintiff constantly bears the
> burden of proof that jurisdiction does in fact exist.

Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted); accord

Crane v. Johnson, 783 F.3d 244, 250-51 (5th Cir. 2015) (citations omitted).

"A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Davis v. United States, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted).  A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6).  Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008); Wells v. Ali, 304 F. App'x 292, 293 (5th Cir. 2008); Dooley v. Principi, 250 F. App'x 114, 115-16 (5th Cir. 2007) (citing Johnson v. Hous. Auth., 442 F.3d 356, 359 (5th Cir. 2006); Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992)).

In analyzing the claims, all well-pleaded facts are accepted as true and should be examined in the light most favorable to plaintiff.  Dismissal is appropriate if a complaint fails to plead sufficient facts to state a claim that is plausible, rather than merely conceivable, on its face.  A claim has facial plausibility when the complaint's factual content allows the court to draw the reasonable inference that defendant is liable.  Stem v. Gomez, 813 F.3d 205, 209 (5th Cir. 2016) (citations omitted).

A factual attack on subject matter jurisdiction, such as the one presented by the Commissioner's motion to dismiss,  challenges the existence of jurisdiction by looking beyond the pleadings.  In reviewing a factual attack, the court may consider testimony and affidavits outside the pleadings.  Battaglia v. United States, 495 F. App'x 440, 441 (5th Cir. 2012) (citing Oaxaca v. Roscoe, 641 F.2d 386, 391 (5th Cir. 1981)); Weeks v. U.S. Comm'r, No. 6:15-CV-02653, 2016 WL 4277531, at *2 (W.D. La. June 20, 2016),

4

report & recommendation adopted, 2016 WL 4292000 (W.D. La. Aug. 15, 2016) (citing

Oaxaca, 641 F.2d at 391; Arena v. Graybar Elec. Co., 669 F.3d 214, 223 (5th Cir. 2012);

Irwin v. Veterans Admin., 874 F.2d 1092, 1096 (5th Cir. 1989); Davis, 597 F.3d at

649-50; Lane, 592 F.3d at 557; Barrera-Montenegro v. United States, 74 F.3d 657, 659

(5th Cir. 1996); Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).  "If the

defendant attacks the facts on which the court's subject-matter jurisdiction rests, the court

is 'free to weigh the evidence and satisfy itself as to the existence of its power to hear the

case.'" Guillot v. Aventis Pasteur, Inc., No. 02-3373, 2013 WL 4508003, at *4 (E.D. La.

Aug 22, 2013) (quoting Arena, 669 F.3d at 223).

If the court resolves disputed facts to decide whether it has subject matter

jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations." Montez

v. Dep't of Navy, 392 F.3d 147, 149 (5th Cir. 2004); accord Vantage Trailers, Inc. v.

Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009).

Therefore, in deciding the instant motion to dismiss, the court considers plaintiff's

complaint supplemented by the undisputed facts set forth in Prelle's declaration and the

records attached to her declaration.  Jones has not submitted any evidence to carry her

burden to prove that this court has subject matter jurisdiction over her claim.

B.      Plaintiff Failed to Exhaust her Administrative Remedies

Section 405(g) of the Act provides that

> [a]ny individual, after any <u>final decision</u> of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  Section 405(h) of the Act provides:  "The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing.  <u>No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>."  <u>Id.</u> § 405(h) (emphasis added).

Only the Commissioner's "final decisions" are subject to judicial review.  <u>Califano v. Sanders</u>, 430 U.S. 99, 107-08 (1977); <u>Davenport v. Astrue</u>, 417 F. App'x 544, 546 (7th Cir. 2011) (citing <u>Subia v. Comm'r of Soc. Sec.</u>, 264 F.3d 899, 902 (9th Cir. 2001); <u>Hoye v. Sullivan</u>, 985 F.2d 990, 991 (9th Cir. 1992); <u>Brandyburg v. Sullivan</u>, 959 F.2d 555, 557-62 (5th Cir. 1992); <u>Doe v. Sec. of Health & Human Servs.</u>, 744 F.2d 3, 4 (1st Cir. 1984)); <u>Riecke v. Barnhart</u>, 184 F. App'x 454, 456 (5th Cir. 2006); <u>Mamon v. Soc. Sec. Admin.</u>, 24 F.3d 239, 1994 WL 243277, at *1 (5th Cir. 1994) (citing <u>Brandyburg</u>, 959 F.2d at 559).  "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions."  <u>Bacon v. Sullivan</u>, 969 F.2d 1517, 1519 (3d Cir. 1992) (citing <u>Califano</u>, 430 U.S. at 107-08); <u>accord</u> <u>DeLeon v. Comm'r of Social Sec.</u>,

191 F. App'x 88, 90 (3d Cir. 2006); Guillory v. Apfel, 239 F.3d 366, 2000 WL 1741644, at *3 (5th Cir. 2000) (citing Califano, 430 U.S. 99; Torres v. Shalala, 48 F.3d 887 (5th Cir. 1995)); Rothman v. Sec'y of Health & Human Servs., 70 F.3d 110, 1994 WL 866086, at *1 (1st Cir. 1994).

"Judicial review is limited by [42 U.S.C. § 405(h)] to the procedures set forth in the Act.  Thus, whether there is jurisdiction depends on whether the actions of the [agency] amount to a final decision after a hearing by the [Commissioner] under section [405(g)]."  Harper by Harper v. Bowen, 813 F.2d 737, 739 (5th Cir. 1987); accord Celestine v. Soc. Sec. Admin., 486 F. App'x 418, 419 (5th Cir. 2012); Kiiker v. Astrue, 364 F. App'x 408, 409 (10th Cir. 2010); United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 14 (1st Cir. 2005).

> A claimant may only obtain judicial review of a case arising under the Social Security Act if he has first exhausted all available administrative remedies.  This requires the plaintiff to follow a four-step process that includes an initial determination, reconsideration, a hearing before an Administrative Law Judge, and review by an Appeals Council.

Celestine, 486 F. App'x at 419 (citing 42 U.S.C. § 405(g); Heckler v. Ringer, 466 U.S. 602, 617-18 (1984); Sanders, 430 U.S. at 108; Weinberger v. Salfi, 422 U.S. 749, 767(1975); 20 C.F.R. § 416.1400(a)).

"Initial determinations" are determinations by the Commissioner "that are subject to administrative and judicial review."  20 C.F.R. § 416.1402.  "Initial determinations regarding supplemental security income benefits include, but are not limited to,

determinations about– . . . . (b) Suspension, reduction, or termination of your SSI benefits . . . ; (c) Whether an overpayment of benefits must be repaid to us; . . . ." Id. § 416.1402(b), (c).

The "determination whether or not an overpayment must be repaid is an initial decision subject to judicial review," but the claimant must complete the entire four-step process to be entitled to judicial review. Jackson v. United States, No. 07 CV 7216, 2008 WL 4089540, at *3 (N.D. Ill. Aug. 21, 2008) (citing 20 C.F.R. §§ 404.902, 416.1402; Monet v. Mathews, 535 F. Supp. 2d 132, 134 (D.D.C. 2008); Scott v. Comm'r of Soc. Sec. Admin., No. 5:02-CV-581, 2002 WL 31164581, at *6 (N.D.N.Y. 2002)).

In the instant case, the record evidence does not include a request for reconsideration of any of the Commissioner's decisions that decreased A.T.J.'s SSI payments, denied plaintiff's request for a waiver of overpayment on September 28, 2015, or issued the second notice of overpayment on November 10, 2015. Jones has not demonstrated that she filed any appeal and that her claim proceeded through the four-step process to a final decision regarding any of those notices. "Absent any showing that Plaintiffs filed a request for reconsideration, they have failed to exhaust their administrative remedies within the SSA; and, therefore, judicial review of [the Commissioner's overpayment determination] is unavailable." Jackson, 2008 WL 4089540, at *4. Because Jones failed to exhaust her administrative remedies as to each of the adverse decisions, the court does not have subject-matter jurisdiction over A.T.J.'s

8

case. Celestine, 486 F. App'x at 419; Jackson, 2008 WL 4089540, at *4; Scott, 2002 WL 31164581, at *6.

C.      Plaintiff States No Colorable Constitutional Claim

"Jurisdiction does exist, however, when a plaintiff raises a colorable constitutional claim." Riecke, 184 F. App'x at 456 (citing Sanders, 430 U.S. at 109; Brandyburg, 959 F.2d at 562). "A colorable constitutional claim must be based on more than mere conclusory allegations of due process violations. . . . [A] colorable constitutional claim [is] one that is 'not wholly insubstantial, immaterial, or frivolous.'" Ramirez v. Colvin, No. EP-15-CV-127-ATB, 2016 WL 94145, at *3 (W.D. Tex. Jan. 7, 2016) (citing Robertson v. Bowen, 803 F.2d 808, 810 (5th Cir. 1986)) (quoting Klemm v. Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008)).

Plaintiff's complaint that the Commissioner erred in calculating the amount of A.T.J.'s benefits or denying her request for a waiver of overpayment raises no colorable constitutional claim that her due process rights were violated because she never had a meaningful opportunity to be heard.  On the contrary, the Commissioner advised Jones in each notice that she could request reconsideration and proceed through the four-step process, but plaintiff did not do so.

Accordingly, defendant's motion to dismiss should be granted.  Dismissal for lack of subject matter jurisdiction is usually without prejudice because it is not a decision on the merits, and plaintiff would be free to pursue her claim in another forum or at another

appropriate time when the court would have jurisdiction.  Atkins v. Kempthorne, 353 F.

App'x 934, 937 (5th Cir. 2009) (citing Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir.

1994)); Tinoco v. Marine Chartering Co., 311 F.3d 617, 623 (5th Cir. 2002); Ramming

v. United States, 281 F.3d 158, 161 (5th Cir. 2001); McKinley ex rel. D.M. v. Astrue, No.

10-321, 2010 WL 2836140, at *1 (E.D. La. July 16, 2010) (citing Hitt v. City of

Pasadena, 561 F.2d 606, 608 (5th Cir. 1977)).

Although the 60-day deadlines to seek reconsideration of each of the decisions

regarding A.T.J.'s SSI benefits expired long ago, the Commissioner has discretion to

grant an extension of time to request reconsideration, if plaintiff makes a written request

for more time and shows that she had good cause for missing the deadline.  20 C.F.R. §

416.1409(b).  Therefore, dismissal without prejudice is appropriate in this case.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to

dismiss be **GRANTED** and that the instant action be **DISMISSED WITHOUT**

**PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions,

and recommendation in a magistrate judge's report and recommendation within fourteen

(14) days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served

with notice that such consequences will result from a failure to object.  Douglass v.

United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28

U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___21st___ day of September, 2016.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]Douglass referred to the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.